UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY BAGNERIS (#152277)

VERSUS                                      CIVIL ACTION

JASON COLLINS, ET AL                        NUMBER 14-724-SDD-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 14, 2015.

                        STEPHEN C. RIEDLINGER
                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY BAGNERIS (#152277)

VERSUS                                                CIVIL ACTION

JASON COLLINS, ET AL                                  NUMBER 14-724-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion to Dismiss filed by defendants Asst. Warden Stephanie LaMartiniere and Dr. Randy Lavespere. Record document number 20. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Jason Collins,[2] Asst. Warden Stephanie

---

[1] Record document number 21.

[2] According to the U.S. Marshal Process Receipt and Return, Form USM-285, service was not accepted on behalf of defendant Dr. Collins because he is no longer employed by the Department of Corrections. Record document number 11. Notice of the return was provided to the plaintiff on February 9, 2015. Plaintiff has not provided the U.S. Marshal with an address for service on defendant Dr. Collins. Plaintiff filed a Request for Production of Documents on February 23, 2015 seeking the address of Dr. Collins. However, he did not serve it on any defendant. Instead the request simply stated: "Done on this __21__ day of __Feb__, 2015 through the electronic federal mail box." At that time the defendants had not made an appearance through counsel of record and so would not have been served with or received notice of the plaintiff's Request for Production of Documents. Since filing his Request for Production of Documents the plaintiff has not taken any other action to obtain a service address for Dr. Collins. The time to serve the defendant, as provided by Rule 4(m), Fed.R.Civ.P., has expired.

Lamartiniere and Dr. Randy Lavespere.[3] Plaintiff alleged that he was denied adequate medical treatment and Dr. Collins retaliated against him for filing administrative grievances complaining about the denial of adequate medical treatment, all in violation of his constitutional rights. Plaintiff sought monetary damages and injunctive relief in the form of examination by a doctor qualified to treat his medical condition, an MRI or bone scan, and physical therapy.

## I. Factual Allegations

Plaintiff alleged that for more than 10 years he has complained about severe shoulder and lower back pain. Plaintiff alleged that Dr. Collins, the prison's medical director, refused to have him scheduled to be examined by a doctor in retaliation for complaining that he received inadequate medical treatment.

Plaintiff alleged that he was notified several times that a doctor's appointment had been scheduled, but then several months elapsed without being examined. Plaintiff alleged that he was examined by a doctor only after his family members contacted prison officials concerning his health. Plaintiff alleged that after being examined, the doctor prescribed medication but conducted no further examination. Plaintiff alleged that he was told that there was nothing else that could be done, per Dr. Collins' orders.

Plaintiff alleged that he wrote letters to Dr. Collins and

---

[3] Record document numbers 1, 8 and 9.

2

Asst. Medical Warden Lamartiniere requesting a medical duty status prohibiting him from being required to perform work in the agricultural fields. Plaintiff alleged that he received a medical duty status from Dr. Collins which contained several restrictions including no sports, no kitchen duty, no prison rodeo and no hobby craft. Plaintiff alleged that the limitations in the medical duty status failed to address his medical condition and was issued out of spite.

Plaintiff alleged that it took more than two years to be examined by a specialist for his lower back pain. Plaintiff alleged that he was prescribed medication but did not undergo further examination, again pursuant to orders issued by Dr. Collins.

In his supplemental complaint, the plaintiff alleged that he wrote a letter to medical personnel complaining about a skin lesion and was subsequently examined by Dr. Lavespere. Plaintiff alleged that during his examination he told Dr. Lavespere that he had additional medical complaints other than the skin lesion. Plaintiff alleged that Dr. Lavespere said, in an aggressive tone, that the examination was limited to the plaintiff's complaints of a skin lesion. Plaintiff alleged that he insisted on discussing his other medical complaints. Plaintiff alleged that Dr. Lavespere agreed to listen to his medical complaints regarding his diet and lower back and left knee pain. Plaintiff alleged that during the

exchange he told Dr. Lavespere that he filed a suit regarding his medical treatment. Plaintiff alleged that he told Dr. Lavespere that he sought sick call regarding his medical complaints and Dr. Lavespere told him that his medical complaints were not recorded in his medical chart.

Plaintiff alleged that he subsequently sent a letter to Dr. Lavespere and Asst. Warden Lamartiniere requesting a modification in his medical duty status to restrict him from performing work in the agricultural fields.

## II. Applicable Law and Analysis

### A. Motion to Dismiss Standard

Stephanie Lamartiniere and Dr. Randy Lavespere moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

### B. Official Capacity

Defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official

5

capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for

prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of constitutional rights. Additionally, because the plaintiff sought prospective injunctive relief his claim against the defendants in their official capacity is also actionable under § 1983. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief.

**C. Deliberate Indifference**

Plaintiff alleged that Asst. Medical Warden Lamartiniere and Dr. Lavespere were deliberately indifferent to his serious medical needs. Specifically, the plaintiff alleged that he wrote a letter to Asst. Warden Lamartiniere requesting a medical duty status prohibiting him from being required to perform work in the agricultural fields. Plaintiff alleged that he subsequently received a medical duty status from Dr. Collins but it contained limitations regarding sports, rodeo, kitchen duty and hobby craft. It did not restrict him from performing labor in the agricultural fields. In addition, the plaintiff alleged that he requested

7

medical treatment for a skin lesion. Plaintiff alleged that he was examined by Dr. Lavespere. Plaintiff alleged that during the examination he told Dr. Lavespere that he had additional medical complaints. Plaintiff alleged that Dr. Lavespere initially told him that his examination was being limited to the plaintiff's complaints of skin lesion. When the plaintiff insisted on discussing other medical complaints, Dr. Lavespere listened to his additional medical complaints regarding his diet, and lower back and left knee pain. Plaintiff alleged that he sent letters to Dr. Lavespere and Asst. Warden Lamartiniere requesting that his medical duty status be modified to prohibit him from being required to perform work in the agricultural fields.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious

8

medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, *supra*; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

The factual allegations against neither Asst. Medical Warden Lamartiniere nor Dr. Lavespere are sufficient to state an Eighth Amendment deliberate medical indifference claim. Plaintiff's claim that he did not receive a medical duty status with a particular restriction does not rise to the level of a constitutional violation by either of these defendants.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted, dismissing the plaintiff's claims against Asst. Warden Stephanie Lamartiniere and Dr. Randy Lavespere, unless within such time as fixed by the district judge the plaintiff files an amended complaint that allege specific facts against each of these defendants which state a claim upon which relief may be granted.

As to Dr. Collins, the plaintiff should be ordered to show cause why his claims against this defendant should not be dismissed pursuant to Rule 4(m), Fed.R.Civ.P., for failure to serve the defendant.

Baton Rouge, Louisiana, May 14, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE