UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRY BAGNERIS (#152277)                                    CIVIL ACTION

VERSUS

JASON COLLINS, ET AL.                                       14-724-SDD-SCR

ORDER

This matter comes before the Court on the Plaintiff's *Motion for Preliminary Injunction and Temporary Restraining Order* (Rec. Doc. 44).

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Dr. Jason Collins, Ass't Warden Stephanie Lamartiniere, and Dr. Randy Lavespere. Plaintiff complained that the Defendants have violated his constitutional rights through deliberate indifference to his serious medical needs and that Defendant Collins has retaliated against the Plaintiff for filing administrative grievances complaining about the denial of adequate medical attention.

Specifically, the Plaintiff's *Complaint*[1], as amended, alleged that for more than 10 years he has complained about severe shoulder and lower back pain and has also developed other chronic illnesses. Plaintiff complained that he was not seen by a specialist for more than 2 years. Plaintiff alleged that, in 2005, he was diagnosed with degenerative arthritis in his lower spine and this condition has spread to other joints in

---

[1] Rec. Docs. 1, 26, and 27.

his body. Plaintiff alleged that he was medically examined by both Defendants, Collins and Lavespere, and he requested diagnostic testing (a bone scan or M.R.I.) and an evaluation by a bone specialist, but the Defendants did not agree. Plaintiff also alleged that he requested a limited duty status from the Defendants and, although Dr. Collins issued the Plaintiff a duty status with certain restrictions, the Plaintiff complained that he was still required to perform work in the agricultural fields that aggravated his condition. Plaintiff alleged that the Defendants have intentionally delayed and denied him medical care in retaliation for his complaints about inadequate medical attention.

In the instant Motion, the Plaintiff now asserts that his "life is in imminent danger from the intentional refusal of providing adult diapers responsive to his current medical needs." The Plaintiff also reiterates his assertion that he needs a proper diagnosis for his back complaints and that such diagnosis will require an evaluation by a bone specialist and diagnostic testing in the form of a bone scan or M.R.I. He also asserts that he needs a limited duty status "until such time as a real diagnosis can be made".

In order to obtain injunctive relief, the Plaintiff must demonstrate: "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest".[2] "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements."[3] If the Plaintiff fails to meet his burden regarding any of the necessary elements, the Court

---

[2] *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003).
[3] *Id.* at 196.

need not address the other elements necessary for granting a preliminary injunction. See *Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990).

On the record before the Court, it does not appear that the Plaintiff is entitled to the relief requested. Although he is unhappy with the medical care that has been provided to him at LSP, his allegations make clear that his complaints have not been ignored and that he has been provided with treatment believed to be appropriate for his condition, including medication and a duty status that restricts his activities and work duties. His contention that his medical care has been deficient is conclusory and is not supported by the evidence in the record.

The Court has previously recommended that the Plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted.[4] Although the Plaintiff has since been granted leave to amend his *Complaint* and provide additional factual allegations, the Defendants have again moved to dismiss his claims, asserting that he has failed to state a claim against them.[5] That motion is currently pending before the Court. Thus, the Plaintiff has failed to show that he is likely to succeed on the merits, and his mere conclusory assertion that he faces irreparable injury if injunctive relief is not granted does not establish that this is so. Accordingly, the Court finds that the Plaintiff has failed to establish the essential components of a viable claim for injunctive relief, and his claims in this case are subject to being adequately addressed in this ordinary proceeding.[6] The instant motion, therefore, shall be denied.

**IT IS HEREBY ORDERED** that the Plaintiff's *Motion for Preliminary Injunction*

---

[4] See Rec. Docs. 22 and 32.
[5] See Rec. Doc. 42.
[6] See *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974) (finding that only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits

and Temporary Restraining Order[7] is hereby **DENIED**.

Baton Rouge, Louisiana the ___19___ day of November, 2015.

*Shelly D Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

can properly justify a preliminary injunction).
[7] Rec. Doc. 44.